SCHLESINGER v. LOUIS MEYER REALTY CO. et al.

(Supreme Court, Appellate Term.   January 15, 1909.)

1. Courts (§ 189*) — Municipal Courts — Practice — Demurrer — Pleading Over.

By the direct provisions of Municipal Court Act (Laws 1902, p. 1535, c. 580) § 145, where a demurrer is interposed and disallowed, the court, notwithstanding the return day has passed, must grant leave to plead as if no demurrer had been interposed.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

2. Courts (§ 189*) — Municipal Courts — Practice—Corporations—Motion for Judgment.

Where a defendant company has been allowed to frame issues under section 1778 of the Code of Civil Procedure, and the company files a verified answer prior to the return day, it is erroneous to grant plaintiff's motion for judgment on the return day because the defendant company has not set forth the proper affidavit for leave to file answer.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Jacob Schlesinger against the Louis Meyer Realty Company and Louis Meyer on a promissory note.   From a judgment for plaintiff, defendants appeal.   Reversed as to both defendants, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and GUY, JJ.

Maurice J. Katz, for appellant Realty Co.

Emanuel J. Livingston, for appellant Meyer.

William Weiss, for respondent.

PER CURIAM.   This is an action on a promissory note against the Meyer Realty Company as maker and Louis Meyer as indorser.   The court below overruled the demurrer of the defendant Louis Meyer, and rendered judgment absolute thereon in favor of plaintiff against the defendant Meyer, in direct violation of section 145 of the Municipal Court Act (Laws 1902, p. 1535, c. 580), which provides:

"Where a demurrer is interposed and disallowed, the court must, notwithstanding the return day has passed, grant leave to plead as if no demurrer had been interposed."

The court permitted the defendant company to frame issues under section 1778 of the Code, and defendant filed a verified answer prior to the return day.   On the return day the plaintiff moved for judgment, and the court ruled as follows:

"On plaintiff's motion for judgment, the same is granted, as the defendant corporation has not set forth the proper affidavit for leave to file answer."

The court having granted leave to frame issues before the return day, and a duly verified answer having been filed, the defendant corporation should have been allowed a trial.

Judgment reversed as to both defendants, and new trial ordered, with costs to appellants to abide the event.